FILED
2013 Mar-28  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **JERRY MANNING, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:12-CV-4183-RDP** |
| | } | |
| **NATIONWIDE MUTUAL FIRE** | } | |
| **INSURANCE COMPANY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Before the court is Plaintiffs' Motion to Remand (Doc. #3), filed on January 25, 2013.  The

Motion (Doc. #3) has been fully briefed (*See* Docs. #3, #5, #6) and is properly under submission.

For the reasons discussed below, Plaintiffs' Motion (Doc. #3) is due to be granted.

## I.      BACKGROUND AND RELEVANT FACTS

Plaintiffs initiated this lawsuit in the Circuit Court of Tuscaloosa County on November 15,

2012. (Doc. #1, Ex. #1).    Plaintiffs sued Nationwide Mutual Fire Insurance Company

("Nationwide"), Bryan Traywick ("Traywick"), and fictitious Defendants A, B, C, and D, who

according to the Complaint, are individuals partnerships, corporations or other legal entities whose

wrongful conduct damaged Plaintiffs.  (*Id.*).  Plaintiffs' Complaint contains four claims for relief.

Plaintiffs assert a bad faith claim (Count I); a breach of contract claim (Count II); a claim for

fraud/misrepresentation/suppression (Count III); and a claim for conspiracy to defraud (Count IV).

(*Id.*).  Plaintiffs allege they timely and properly reported claims to Nationwide for damages to their

home after a tornado on April 27, 2011. (*Id.*).  Plaintiffs complain that Defendants have failed to

promptly and properly investigate their loss. (*Id.*).  Further, Plaintiffs maintain that Defendants have

failed to timely and properly compensate them for their loss. (*Id.*). Plaintiffs allege that Defendants improperly made certain payments to them contingent upon Plaintiffs releasing Defendant Nationwide from further obligations. (*Id.*). Plaintiffs also maintain that Nationwide's adjuster agreed that they were entitled to additional money due to structural damage and that Defendants failed to honor the terms and conditions of the insurance agreement. (*Id.*).

Asserting there is complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332, Defendants Nationwide and Traywick filed a Notice of Removal on December 26, 2012.[1] (Doc. #1). Regarding the parties' citizenship, Defendants assert that Plaintiffs are Alabama citizens and that Nationwide is an Ohio citizen. (*Id.*). The key issue for purposes of this motion relates to Defendant Traywick. Defendants contend that although he is an Alabama citizen, he was improperly joined, and therefore his citizenship cannot defeat diversity. (*Id.*). *See* 28 U.S.C. § 1331(b)(2). Defendants maintain that the amount in controversy is satisfied because if Plaintiffs prevail, they would be entitled to the dwelling limits of $227,883.00 and the personal property coverage of $159,486.00. (*Id.*). Alternatively, Defendants assert that they estimated the damage to Plaintiffs' home was $172,864.26. (*Id.*). Plaintiffs have stated that the amount of damage is higher. (*Id.*).

Plaintiffs filed a Motion to Remand on January 25, 2013, claiming that Defendants had not met their burden to demonstrate that the amount in controversy is met or that Defendant Traywick was an improperly joined party. (Doc. #3). Defendants filed an Opposition to Plaintiffs' Motion to Remand on February 2, 2013, arguing that Plaintiffs' Complaint fails to state a claim against Defendant Traywick and maintaining that the amount in controversy exceeds the $75,000

---

[1]In determining whether removal is proper based upon diversity of citizenship, this court disregards the citizenship of Fictitious Defendants A, B, and C. *See* 28 U.S.C. § 1441(b)(1).

jurisdictional limit.  (Doc. #5).  Plaintiffs filed a Reply to Defendants' Opposition on February 6, 2013 asserting that Defendants have not met their burden to show that Plaintiffs cannot possibly prevail no their claims against Defendant Traywick.  (Doc. #6).  Plaintiffs' reply does not contain any arguments related to the amount in controversy.  (*Id.*).

## II.    STANDARD OF REVIEW

It has long been recognized that federal courts are courts of limited jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Uni. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 2020, 212 (1971).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party.  *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).  Federal courts strictly construe removal statutes and resolve all doubts in favor of remand.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

## III.    DISCUSSION

The Notice of Removal asserts that subject matter jurisdiction exists under 28 U.S.C. § 1332(a).  (Doc. #1).  Section 1332(a) provides that federal courts have original jurisdiction over all

civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a)(1).  A case is not removable until both conditions are met.  *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285 (M.D. Ala. 2011). Defendants maintain diversity of citizenship exists because Defendant Traywick was fraudulently joined and that the minimum amount in controversy is satisfied.  The court first addresses the diversity of citizenship requirement.

### A.     The Parties Are Not Diverse Because Defendants Have Not Met Their Burden to Show Defendant Traywick Was Fraudulently Joined

Federal diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" – that is, the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n. 2 (11th Cir. 2005).  Nevertheless, an action may be removable "if the joinder of the non-diverse defendant [was]... fraudulent."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Id.*  The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent.  "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  *Id.*, citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).  "The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts."[2]  *Id.*, citing *Coker*, 709 F. 2d at 1440.  The third is "where a diverse defendant

---

[2] The Eleventh Circuit has also characterized this second type of fraudulent joinder as occurring when the plaintiff has improperly (as opposed to fraudulently) pled jurisdictional facts.  *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1561, 1562 (11th Cir. 1989).

is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.*, citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11 th Cir. 2000).

A defendant must establish a showing of fraudulent joinder by clear and convincing evidence. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)). "The burden on the removing party to prove fraudulent joinder is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Additionally, the court's determination regarding fraudulent joinder is made on the basis of Plaintiffs' pleadings at the time of removal. *Cabalceta*, 883 F.2d at 1560. There is no dispute that both Plaintiffs and Defendant Traywick are Alabama citizens for diversity purposes. Thus, the parties are not completely diverse unless Traywick's citizenship is rendered inapplicable to the diversity analysis.

Defendants maintain that Defendant Traywick was fraudulently joined because (1) Plaintiffs cannot maintain an action against Defendant Traywick for bad faith or breach of contract, and (2) Plaintiffs cannot maintain a cause of action against Defendant Traywick for fraud and/or conspiracy to defraud. To prove fraudulent joinder, Defendants must demonstrate by clear and convincing evidence that there is no possibility Plaintiffs can establish a cause of action against Defendant Traywick. Regarding this type of fraudulent joinder, "[i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker*, 709 F. 2d at 1440-41 (emphasis added). Moreover, a "plaintiff need not have a winning case against the

5

allegedly fraudulently joined defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original). Stated another way, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1999 (11th Cir. 2007).

Defendants' Notice of Removal alleges that Plaintiffs cannot possibly state a valid cause of action against Defendant Traywick for bad faith or breach of contract because he was not a party to the insurance contract between Plaintiffs and Nationwide. (Doc. #1 at ¶ 8).  The Alabama Supreme court has held that non-parties to an insurance contract cannot, as a matter of law, be held liable for breach of the insurance contract or bad faith. *See e.g., Ligon v. O.N. Hughes Ins. Co.*, 551 So. 2d 183 (1989).  Defendant Traywick is a Nationwide claims adjustor and was not a party to the insurance contract made the basis of the Complaint.  As such, Defendants maintain he is not a proper party to these counts and therefore, Plaintiffs' Complaint fails to state a claim for bad faith or breach of contract against Defendant Traywick.  (Doc. #1 at ¶ 8).

Plaintiffs do not concede that they may not maintain bad faith and breach of contract claims against Defendant Traywick.  (Doc. #3 at note 1).  However, neither their Motion to Remand nor their Reply to Defendants' Opposition substantively argues that they can indeed do so.  Instead, Plaintiffs assert that Defendants have not met their burden of demonstrating that there is no possibility that Plaintiffs can establish a cause of action  against  Defendant  Traywick  for  fraud

and/or conspiracy to defraud.  (Doc. #3 at pg. 5).[3]  Defendants maintain that Plaintiffs' failure to more fully develop this argument in their Motion to Remand is a tacit acknowledgment that they cannot maintain these claims against Defendant Traywick.  (Doc. #5 at pg. 3).  Whether tacitly acknowledged or not, the question remains whether any possibility exists that Plaintiffs' Complaint states a cause of action for fraud and/or conspiracy to defraud.  It is this argument that consumes the majority of the parties' briefing and that is ultimately dispositive to the court's holding on the issue of fraudulent joinder in this case.

Plaintiffs argue that Defendants have not met their burden to show by clear and convincing evidence that no possibility exists that Plaintiffs can establish a cause of action against Defendant Traywick for fraud and/or conspiracy to defraud.  (Doc. #3 at pg. 5).  Specifically, Plaintiffs contend that Defendants may not meet their burden of demonstrating that Defendant Traywick was improperly joined by attacking the sufficiency of Plaintiffs' pleading.  Alternatively, Plaintiffs maintain that they have properly pled fraud and conspiracy to defraud against Defendant Traywick.

Regarding Plaintiffs' argument that the sufficiency of their pleading is irrelevant and should not be considered by this court in making a fraudulent joinder determination, Plaintiffs state that this exact issue has been addressed by the Eleventh Circuit and by the United States District Court for the Southern District of Alabama.[4]  (Doc. #3 at pg. 5).  As explained in detail below, this court's

---

[3]Specifically, Plaintiffs note that "the law is so clear regarding the fact that Plaintiffs may possibly prevail on Plaintiffs' fraud and conspiracy to defraud claims, that Plaintiffs chose to focus on this fatal flaw in Defendants' Notice of Removal."  (Doc. #3 at note 1).

[4]Although it ultimately does not change the court's analysis, the court does note that the rationale of the case relied upon by Plaintiffs from the Southern District of Alabama, *Hampton v. Georgia-Pacific L.L.C.*, 2011 WL 5037587 (S.D. Ala., Sept. 26, 2011), is contained in a Magistrate Judge's Report and Recommendation.  It is not clear to this court that the district court, in reviewing the Report and Recommendation, adopted that portion of the Magistrate Judge's reasoning.  That is, in addition to other portions of the Report and Recommendation, Plaintiffs rely upon a section of the Report and Recommendation titled "Notes That May Need to be Added" for the proposition that a defendant's burden of proving fraudulent joinder is not met by pointing to supposed defects in a plaintiff's pleading.  *Hampton*, 2011 WL

reading of the cited authority does not lead it to conclude that federal courts should *never* examine well-pleaded allegations in the context of a fraudulent joinder analysis.  However, as instructed by the Eleventh Circuit, the court understands that its "task is not to gauge the sufficiency of the pleadings" but rather to "decide whether [Defendants] have proven by clear and convincing evidence that no Alabama court could find [Plaintiffs' Complaint] sufficient" to state a claim for fraud and/or conspiracy to defraud against Defendant Traywick. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).

In *Henderson*, the Eleventh Circuit reversed the district court's denial of a motion to remand because it found that the complaint in that case "successfully pled fraudulent concealment under Alabama law." *Id.*  The district court had concluded that the plaintiff's complaint could not succeed against an individual resident defendant because the complaint did not plead fraudulent concealment. *Id.* at 1282.  In finding that the district court erred in determining the complaint failed to state a claim for fraudulent concealment, the Eleventh Circuit first noted that "the precise contours of the pleading requirements [were] not dispositive" to the fraudulent joinder issue. *Id.* at 1283.  After noting the nearly identical state and federal rules requiring that fraud be pleaded with particularity, the court then made specific references to various allegations in the plaintiff's complaint and found that although the plaintiff's allegations may have ultimately proved insufficient, the court could "not say there is no possibility [the plaintiff had] asserted a colorable claim. . . ." *Id.* at 1284.

---

5037587 at *9.  The Magistrate Judge included citations to two cases from the Northern District of Mississippi in support of that conclusion.  The district judge included the case citations in her order adopting the Report and Recommendation. *See Hampton v. Georgia-Pacific L.L.C.*, 2011 WL 5037403 (S.D. Ala., Oct. 24, 2011).  The court has considered this final order and its reasoning in analyzing the parties' arguments, not the Magistrate Judge's Report and Recommendation cited by Plaintiffs.

After finding that "a sufficiently substantial question" existed as to whether the plaintiff had "successfully pled fraudulent concealment under Alabama law," the court ultimately concluded that the district court erred in denying the plaintiff's motion to remand.  *Id.*  The court went on to state that "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to impose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."  *Id.*, citing *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 108-09 (1941) (parallel citations omitted).

In *Hampton v. Georgia-Pacific L.L.C.*, 2011 WL 5037403 (S.D. Ala., Oct. 24, 2011), the court adopted a Magistrate Judge's Report and Recommendation that a plaintiff's motion to remand should be granted in a case where the defendants alleged that individual defendants were improperly joined because the plaintiffs had not properly pleaded claims against them.  *Hampton*, 2011 WL 5037403 at *3-*5.  Although not a fraud case, the *Hampton* court reviewed the plaintiff's allegations against the non-diverse individual defendants and concluded that they appeared adequate under Alabama's traditional notice pleading requirements.  *Id.* at *5.  In reaching its conclusion, the court relied upon Henderson and found that the defendants' argument "that the non-diverse defendants were fraudulently joined because plaintiff failed to adequately plead the claims against them was without merit."  *Id.* at *4-*5.  The court also noted that:

> inadequacies in pleading are generally handled by allowing plaintiff an opportunity to amend the complaint to correct them but even where dismissal might be a proper remedy in federal court, a failure to correctly plead a claim does not require a finding that a plaintiff fraudulently joined a particular defendant or there is no possibility that plaintiff could have established a cause of action against these defendants had the action remained in state court.

*Id.* at *5.

Courts outside the Eleventh Circuit have also followed this approach and have concluded that removing defendants' reliance upon alleged pleading deficiencies to establish fraudulent joinder is problematic. *See Duffin v. Honeywell Intern., Inc.*, 312 F. Supp. 2d 869, 871 (N.D. Miss. 2004) (commenting that when a plaintiff has pleaded potential "vague and conclusory" fraud allegations that the usual course is to permit a plaintiff an opportunity to amend the complaint before such claims are dismissed upon a finding of fraudulent joinder); *Rosamond v. Garlock Sealing Techs*, Inc., 2004 WL 943924, at *2 (N.D. Miss. Apr. 5, 2004) (same).

Considering these authorities, this court will not decide the issue of fraudulent joinder on Defendants' assertion that Plaintiffs' fraud claims against Defendant Traywick are insufficiently pleaded. Moreover, having reviewed Plaintiffs' Complaint, this court is not prepared to find that Plaintiffs' Complaint fails to meet the Rule 9(b) pleading standard[5] and will defer to the state court to resolve any uncertainties as to that issue. Therefore, the court concludes Defendants have not met their burden to show by clear and convincing evidence that there is no possibility that Plaintiffs' fraud claims against Defendant Traywick are sustainable under Alabama law. *See e.g.*, *Henderson*, 454 F.3d at 1284; *Hampton*, 2011 WL 5037403 at *5. That is, this court is satisfied that based upon the allegations in Plaintiffs' Complaint there is "a *possibility* of stating a valid cause of action" against Defendant Traywick. *See Triggs*, 154 F.3d at 1287. Therefore, his joinder was not

---

[5]Regarding their fraud claim, Plaintiffs aver that Defendant Traywick "made numerous representations to the Plaintiffs regarding Nationwide's intention to properly investigate and resolve Plaintiffs' claim for damages. . . ." (Doc. #1, Ex. 1 at ¶ 33). Plaintiffs also aver that Defendant Traywick "acknowledged substantial structural damage and other losses...for which Plaintiffs have not been previously compensated" and that Defendant Traywick acted "contrary to the representations. . . ." (*Id.* at ¶ 34). Plaintiffs further state that Defendant Traywick "further suppressed from Plaintiffs the fact that Defendants would not properly investigate and compensate Plaintiffs" despite having "assured the Plaintiffs that they would be compensated for their losses." (*Id.* at ¶ 35). Moreover, regarding the claim of conspiracy to defraud, Plaintiffs aver that Defendant Traywick "conspired to induce Plaintiffs to accept an appraisal agreement despite the Defendants knowledge that the scope of damage appraised did not include the full scope of covered damage Plaintiffs' home sustained." (*Id.* at ¶ 38). Plaintiffs then state that "they relied upon the representations and conduct of the Defendants" and "suffered damage" as a result. (*Id.* at ¶ 39).

10

fraudulent.  In the absence of fraudulent joinder, Defendant Traywick's Alabama citizenship is clearly non-diverse from Plaintiffs.  Therefore, diversity jurisdiction is defeated pursuant to 28 U.S.C. § 1332 and remand is required.

### B.      Amount in Controversy Requirement

Having found that complete diversity does not exist, the court need not reach the amount in controversy issue.  However, without so holding, it appears that Defendants have established that the amount in controversy is met here.[6]

## IV.    CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand (Doc. #3) is due to be granted, and pursuant to 28 U.S.C. § 1447(c) this action is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama, for further proceedings.  Plaintiffs' request for an award of attorney's

---

[6]In a case such as this, where Plaintiffs have made an unspecified demand for damages in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1358 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Defendants rely upon the dwelling limits and the personal property coverage contained in the homeowners policy to show that the amount in controversy is satisfied.  Defendant maintains that if Plaintiff prevail, they would be entitled to dwelling limits of $227,873.00 and/or the personal property coverage of $159,486.00. (Doc. #1 at ¶6).  Defendant Nationwide determined the damage to Plaintiffs' home was $172,864.26.  (*Id.*).  Moreover, Defendants maintain that Plaintiffs have admitted via a letter from their counsel to Defendant Nationwide that the actual property damage exceeds the estimated amount. (*Id.*; Ex. 3).  Numerous courts have held that in the insurance context, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Kelly v. Gen. Star Nat. Indem. Co.*, 2007 WL 3034654, at *2 (M.D. Fla. Oct. 16, 2007); *see also Warth v. State Farm Fire & Cas. Co.*, 792 F. Supp. 101, 103 (M.D. Fla. 1992) ("[d]ue to the fact that [the] [p]laintiffs in this case have not plead or represented to this Court the damages they seek, the face amount of the [insurance] policy does not control on the issue of the threshold jurisdictional amount").

Here, Plaintiffs have represented that they seek damages above Defendant Nationwide's $172,864.26 estimate. (See Doc. #1, Ex. 3).  Thus, even though not facially apparent from Plaintiffs' Complaint, the court has examined the record in light of its "judicial experience and common sense" to evaluate the amount in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).  Having concluded that complete diversity of citizenship does not exist, the court is not required to make a finding on the amount in controversy However, if it were to do so, the court would find that Plaintiffs seek damages in excess of $75,000.

fees incurred as a result of the removal is due to be denied.  The court will let costs remain taxed as paid.  A separate order consistent with the memorandum opinion will be entered.

      **DONE** and **ORDERED** this    28th    day of March, 2013.

                                      **R. DAVID PROCTOR**
                                      UNITED STATES DISTRICT JUDGE